## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

NAOMI TAISACAN OMAPAS,
*aka* **Naomi Nichole Taisacan Omapas**
*aka* **Naomi Nicole Taisacan Omapas**
*aka* **Naomi Nichole Taisacan**
*aka* **Naoni Nichole Omapas**
*aka* **Naomi Omapas**
DOB: 08/28/1974 or 08/17/1984

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0394-18**
GPD Report No. 18-18706

CRIMINAL CASE NO. **CF0030-21**
GPD Report No. 20-07362

CRIMINAL CASE NO. **CF0116-21**
GPD Report No. 21-04949/21-04748/21-04935/
21-04933

CRIMINAL CASE NO. **CF0432-23**
GPD Report No. 20-27799/20-27809

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION AND
IMPOSE JAIL SENTENCE**

This matter came before the Honorable Alberto E. Tolentino on March 31, 2026, for a Revocation Hearing. Defendant Naomi Taisacan Omapas ("Defendant") was present with counsel Public Defender Earl Espiritu. Assistant Attorney General Vernon Hosannah was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

# BACKGROUND

## A. Defendant Omapas' Violations under Pre-Trial Release

### (1) CF0394-18

Based on events that occurred on or about June 26, 2018, the Defendant was charged for the following offenses: First Charge of CHILD ABUSE (As a 3rd Degree Felony) and Second Charge of FAMILY VIOLENCE (As a 3rd Degree Felony). *See* Indictment (July 17, 2018).

For this case, the Defendant received a total of eight (8) violations under pre-trial release conditions. It is noteworthy that all but three (3) of her pre-trial release conditions were for failing to report to the Probation Office as ordered.[1] As to those three remaining violations, Probation report that Defendant failed to obey all the laws of Guam. received her fourth, seventh, and eighth violations for failing to obey all the laws.

For the fourth violation, the report indicated that the Defendant was charged in Criminal Case No. CF0179-20 with "Possession of a Scheduled II Controlled Substance, Vehicle without Identification, Expired Registration, No Mandatory Insurance[,] and Operating a [V]ehicle without a [V]alid License." 4th Violation Report (date).[2]

For the seventh violation, the report indicated that the Defendant was charged in Criminal Case No. CF0116-21 with "Theft by Receiving (as a 3rd Deg. Felony), Possession of a Scheduled II Controlled Substance (as a 3rd Deg. Felony), and Ordinary Escape (as a Misdemeanor)." 2nd Violation Report (date).[3]

---

[1] *See* 1st Violation Report (July 12, 2018); *see also* 2nd Violation Report (Oct. 15, 2018); *see also* 3rd Violation Report (Apr. 26, 2019); *see also* 5th Violation Report (July 10, 2020); *see also* 6th Violation Report (Nov. 27, 2020).
[2] This violation report is erroneously captioned as her first violation while under pre-trial release. However, the Defendant received her first violation on July 12, 2018.
[3] This violation report erroneously states "CF0611-21" as the Defendant's criminal case number; this case number is tied to a different defendant.

For the eighth violation, the report indicated that the Defendant was charged in Criminal Case No. CF0030-21 with "Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) and Vehicle without Identification (as a Misdemeanor)." 8th Violation Report (Apr. 9, 2021).

(2) CF0116-21

Based on events that occurred on or about February 25, 2021, the Defendant was charged for the following offenses: First Charge of THEFT BY RECEIVING (As a 2nd Degree Felony); Second Charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); and Third Charge of ORDINARY ESCAPE (As a Misdemeanor). See Indictment (Mar. 8, 2021).

For this case, the Defendant received no violations while on pre-trial release. On April 23, 2021, the court accepted the Defendant's global plea of guilty to the following charges:

**In CF0394-18:**
The *Second Charge* of **FAMILY VIOLENCE (As a Third Degree Felony)**, in violation of 9 GCA §§ 30.10(a)(1), (b), and 30.20(a).

**In CF0030-21:**
The *First Charge* of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**, in violation of 9 GCA §§ 67.401.2(a) and (b).

**In CF0116-21:**
The *Charge* of **UNAUTHORIZED USE OF A MOTOR VEHICLE (As a Misdemeanor)**, in violation of 9 GCA § 43.65(a), as contained in an *information*.

The *Third Charge* of **ORDINARY ESCAPE (As a Misdemeanor)**, in violation of 9 GCA § 58.30.

Judgment (July 16, 2021).

\\

\\

*(3) CF0432-23*

Based on events that occurred on or about November 5, 2020, the Defendant was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (June 26, 2023).

For this case, the Defendant received no violations while on pre-trial release. On February 26, 2024, the court accepted her guilty plea in this case. *See* Judgment (July 25, 2024).

## B. Defendant Omapas' Violations on Traditional Probationary Supervision

*(1) CF0394-18, CF0030-21, and CF0116-21*

Upon the court's acceptance of the Defendant's global plea of guilty for CF0394-18, CF0030-21, and CF0116-21, the Defendant received a total of five (5) violations under traditional probation. The Defendant her first two violations for failing to report to Probation as ordered. *See* 1st Violation Report (May 26, 2021); *see also* 2nd Violation Report (Feb. 9, 2022). For her third violation, Probation indicated that the Defendant failed to obey all the laws of Guam when she was charged with two counts of Theft of Property (As a 3rd Degree Felony) in CF0401-23. *See* 3rd Violation Report (June 19, 2023). The Defendant received her fourth violation on June 25, 2024, stating her:

1) Failure to report to the Probation Office for intake and processing after release from confinement on June 14, 2024. The Probationer was ordered to report the following business day, June 17, 2024, but failed to do so.
2) Failure to report to Guam Behavioral Health and Wellness Center (GBHWC) for intake and processing. Per GBHWC New Beginnings, they have no record of the Probationer.
3) Failure to make payments towards court ordered fines and court cost; balance remains at $5,080.00.
4) Failure to perform/submit Community Service hours; balance remains at one hundred and fifty (150) hours.
5) Failure to attend and submit proof of attendance for self-help meetings; balance remains at twenty-four (24).

4th Violation Report (June 25, 2024).

For her fifth violation, the report indicated that she again failed to report to Probation upon release and failed to complete her treatment with GBHWC. *See* 5th Violation Report (Apr. 22, 2025).

### (2) CF0432-23

Upon the court's acceptance of her guilty plea, the Defendant received a total of two (2) violations under traditional probation. While her first violation was only for failing to report to Probation, her second violation report was more extensive, stating:

1. The defendant failed to report to the Probation on upon her release from the Department of Corrections on March 21, 2025 in CF 401-23. To date, the defendant has not reported and no contact information is available for the defendant.
2. The defendant failed to follow and complete treatment from Guam Behavioral Health and Wellness Center. That on April 7, 2025, the defendant left the residential treatment at the Centers of Hope.
3. The defendant failed to report to Client Services and Family Counseling for intake and assessment.

5th Violation Report (Apr. 22, 2025).

## C. Defendant Omapas' Revocation Hearing

In light of Probation's recommendation to revoke the Defendant's probation in all her cases before this court, the People filed its Motion to Revoke Probation and Impose Jail Sentence ("Motion to Revoke"), arguing in favor of revocation and imposition of the maximum sentence in light of her violations of the conditions she agreed to follow. *See* Ppl.'s Mot. Revoke (Mar. 9, 2026). It is noteworthy that the Defendant did not file an opposition to the Motion to Revoke.

At the Revocation Hearing, Probation laid out the Defendant's history under their supervision in all of her cases. After hearing the parties' arguments for or against revocation, the court took the matter under advisement.

\\

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

### A. Defendant Omapas violated the conditions of her probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

Across all of her cases before this court, the Defendant accumulated eight (8) pre-trial violations and seven (7) post-judgment violations. The court can factually determine that all these violations actually occurred after reviewing its record of events. For instance, her several failures to report to Probation or appear at a court-ordered hearing are supported by ten (10) warrants.[4]

Since the court entered her global plea of guilty on April 23, 2021, Probation stated that she logged zero out of one hundred fifty (150) hours of community service, no record of attendance of treatment with Guam Behavioral Health and Wellness Center or her twenty-four (24) NA/AA Self-Help meetings, or no payments to her fine and court costs of Five Thousand Eighty Dollars ($5,080.00). *See* Revocation Hr'g Mins. at 3:11:58 – 34:13PM (Mar. 31, 2026); *see also* Informational Report (June 22, 2026). Additionally, Probation noted that she picked up two matters: CF0401-23 and CF0432-23. *Id.*

Based on the violation reports, Probation's testimony at the Revocation Hearing, and the court's review of her cases, the court finds that the Defendant has violated multiple conditions of her probation on several occasions.

**B. Defendant Omapas' violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or

---

[4] For CF0394-18 alone, the court issued four (4) bench warrants. *See* Bench Warrant (Aug. 1, 2018); *see also* Bench Warrant (Nov. 13, 2018); *see also* Bench Warrant (Oct. 1, 2019); *see also* Bench Warrant (Dec. 1, 2020). After being globalized with CF0116-21, the court issued two (2) bench warrants and two (2) warrants of arrest. *See* Bench Warrant (Aug. 19, 2021); *see also* Warrant of Arrest (Feb. 15, 2022); *see also* Bench Warrant (Aug. 16, 2024); *see also* Warrant of Arrest (May 7, 2025). For CF0432-23 alone, the court issued one (1) bench warrant and one (1) warrant of arrest. *See* Bench Warrant (Sep. 16, 2024); *see also* Warrant of Arrest (May 7, 2025).

public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

In the Revocation Hearing, the People argued that the Defendant has had much time to avail herself of treatment, which only works if that person wants it. *See* Revocation Hr'g Mins. at 3:11:58 – 34:13PM. However, violating her treatment and reporting conditions constitute as a "pattern of unwillingness to accept help." *Id.* In response, the Defendant acknowledged how she checked herself out of treatment with the Center of Hope. *Id.* Should the court release her, the Defendant plans to get back into treatment in light of no treatment options for the Department of Corrections' female inmates. *Id.* The Defendant argues that revocation of her probation is not necessary at this time, as neither of her probationary terms had expired at the time of the Revocation Hearing. *Id.*

The Defendant's completion of treatment was a substantial requirement and condition imposed in all her cases. When imposing treatment as a probationary condition, the purpose of

doing so is to achieve sustained sobriety for a defendant. The court gave the Defendant opportunities before considering revocation, such as release from confinement after issuing a warrant for her arrest. Rather than use each time she was released as an opportunity to move forward with her court-ordered treatment, treatment remained incomplete over the past five (5) years and the Defendant acquired two (2) more criminal cases.[5] While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome her addiction if she will not put in the effort to complete treatment programs provided to her.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). While the Defendant indicates to the court that she has not picked up any new drug cases nor committed violent crimes recently, the Defendant was charged in two cases after the court entered her global plea of guilty for CF0394-18, CF0030-21, and CF0116-21. While they are non-violent in nature, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to revoke her probation for violation several probationary conditions; namely, attendance and completion of treatment. Therefore, the court grants the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

\\

---

[5] On May 7, 2024, the Defendant pled guilty to Two Counts of THEFT OF PROPERTY (As a 3rd Degree Felony) before Presiding Judge Alberto C. Lamorena III in CF0401-23. *See* Judgment (Aug. 13, 2024). On February 26, 2024, the Defendant pled guilty to POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) before this court in CF0432-23. *See* Judgment (July 25, 2024).

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence, and **REVOKES** the Defendant's probation in the above-captioned matters. The court shall issue its Judgment revoking the Defendant's probation and imposing a sentence.

SO ORDERED    **JUN 29 2026**   .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, POSC_

Date: 6/29/26 Time: 3:09 pm
Antonio QL Cruz
Deputy Clerk, Superior Court of Guam